**UNITED STATES COURT OF APPEALS**
**Filed 7/30/96**
**TENTH CIRCUIT**

EARNEST GILBERT,

      Plaintiff-Appellant,

v.

LARRY FIELDS, Director of Department
of Corrections; HOWARD MCLEOD
CORRECTIONAL CENTER, Howard
McLeod Correction Center Staff &
Officials; DENISE SPEARS, Warden,

      Defendants-Appellees.

No. 96-7000
(D.C. No. CV-95-202)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

Plaintiff Earnest Gilbert, an inmate incarcerated at the Mack Alford Correctional

Center in Oklahoma ("MACC"), brought this 42 U.S.C. § 1983 action seeking

compensatory damages, punitive damages and declaratory relief for alleged constitutional

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

violations occurring during his incarceration at the Howard McLeod Correctional Center ("HMCC"), and at the James Crabtree Correctional Facility ("JCCF"), both of which are part of the Oklahoma Department of Corrections ("DOC") system. Gilbert argued before the district court that Defendants were deliberately indifferent to his safety by failing to provide him with reasonable protection from violence in violation of the Eighth Amendment. Specifically, Gilbert argued that staff members at the JCCF facility harassed him in an attempt to prevent him from filing a lawsuit over a beating that occurred while he was incarcerated at the JCCF facility. Gilbert also argued that while at HMCC, prison officials ignored a request to be transferred out of a cell that he was sharing with an inmate who Gilbert believed had been sent by JCCF inmates to kill Gilbert. The district court granted Defendants' summary judgment motion on the grounds that Gilbert failed to meet his burden of presenting evidence sufficient to suggest that Defendants "acted or failed to act despite [having] knowledge of a substantial risk of serious harm" could be caused to Gilbert. See Farmer v. Brennan, 114 S. Ct. 1970, 1981 (1994). We affirm.

On appeal, Gilbert does not advance any arguments suggesting that the court's finding of insufficient evidence to withstand Defendants' summary judgment motion was incorrect based on the evidence before the court. Instead, Gilbert presents new evidence on appeal which he believes shows that Defendants were deliberately indifferent to his safety. Gilbert argues that Defendants ignored Gilbert's accusation that a DOC

correctional officer threatened to kill Gilbert after an incident involving Gilbert watching television loudly.  In reviewing a ruling on a summary judgment motion, we will not consider evidence not before the district court.  See John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994).  Therefore, because Gilbert has failed to demonstrate that the district court's granting of summary judgment was in error based on the evidence presented to the district court, we AFFIRM the district court's granting of Defendants' summary judgment motion.  The mandate shall issue forthwith.


ENTERED FOR  COURT




David M. Ebel

Circuit Judge